IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AMOS DUMARCE,

        Plaintiff,

    vs.

MICHELLE WILHELM, Warden, in her individual capacity; JESSICA RHOADES, CPL., in her individual capacity; KIMBERLY MCGILL, Correctional Administrator, in her individual capacity; and CPL. MARY K. HOWARD-WILSON, in her individual capacity;

        Defendants.

**4:23CV3132**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for extension of the deadline for completing written discovery, Filing No. 22, motion for appointment of counsel, Filing No. 23, and "Objection to Summary Judgment," Filing No. 32, which the Court has docketed as a motion. The Court will address each motion in turn.

## I. MOTION FOR EXTENSION

On February 9, 2026, Plaintiff filed a motion dated January 23, 2026,[1] seeking to extend the February 6, 2026, progression deadline for completing written discovery. Filing No. 22. Plaintiff sought additional time to complete written discovery due to his lack of legal training, the delay in his initial receipt of the Court's progression order, his delayed access to the law library, and his lack of legal assistance. On February 24, 2026, Plaintiff filed with the Court copies of his interrogatories, requests for admissions, and requests for production of documents he served on Defendants. Filing Nos. 24, 25,

---

[1] It appears the post office returned Plaintiff's motion to him upon its initial mailing and Plaintiff had to resend the motion to the Court on or about February 6, 2026.

& 26.  On March 26, 2026, counsel for Defendants filed a certificate of service certifying that counsel had served Defendants' discovery responses and objections on Plaintiff. Filing No. 27.

Upon consideration, the Court will grant Plaintiff's motion for an extension of time and extend the deadline for completing written discovery to March 26, 2026, to coincide with the date Defendants served their responses to Plaintiff's written discovery requests.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion on February 9, 2026, renewing his request for the appointment of counsel.  Filing No. 23; *see also* Filing No. 9 at 12–13 (addressing Plaintiff's request for counsel in his Complaint).  In support of his motion, Plaintiff alleges he is unable to afford to retain counsel, the complexity of litigating this case is "beyond his understanding," he is unable "to investigate and properly prepare his interrogatories, admissions, and production of documents," and the prison legal aide can no longer assist Plaintiff with his case.  Filing No. 23.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."  *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

2

First, as for the complexity factors, the Court again finds that this is a relatively straightforward case involving denial of prisoner visitation, for which there is ample authority. *See Recca*, 859 F. App'x at 4. Thus, at this stage, the Court finds the complexity factors do not weigh in favor of appointment.

Second, the record before the Court suggests that Plaintiff has the ability to investigate the facts. For instance, Plaintiff attached a number of exhibits to his Complaint, Filing No. 1, including grievances, letters, and policies, to support his allegations. *See Recca*, 859 F. App'x at 4–5 (citing *McNeil v. Lowney*, 831 F.2d 1368, 1372 (7th Cir. 1987)). Plaintiff also filed copies of his discovery requests to Defendants, which indicates he is aware of and has pursued discovery tools available to him to investigate additional facts. *See id*. at 5.

Third, the record before the Court suggests that Plaintiff has the ability to present his claims, at least through the discovery and summary-judgment stages of the litigation. Plaintiff's pro se filings are generally well-written. *See id.* (citing *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013); *Nachtigall v. Class*, 48 F.3d 1076, 1082 (8th Cir. 1995)). Plaintiff also has filed copies of his discovery requests that he served on Defendants. Filing Nos. 24, 25, & 26. These filings reinforce the impression that Plaintiff is "capable of self-representation" through this stage of the litigation. *See Recca*, 859 F. App'x at 5 (quoting *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). Further reinforcing this impression, Plaintiff filed a motion for extension of time to complete discovery, Filing No. 22, "suggesting both an awareness of the procedural rules relevant to his case and an ability to comply with those rules to avoid inadvertently defaulting his claims." *Recca*, 859 F. App'x at 5. Plaintiff also filed his discovery

3

requests, the motion for extension, and the motion for appointment of counsel without the assistance of the prison legal aid formerly assisting him, which further suggests his ability to present his claims at this stage in the proceedings.

Fourth, as for the presence or absence of disputed testimony, although this case ultimately may turn on resolving the dispute between Plaintiff's version of events and Defendants' version of events, as well as a credibility assessment of the parties if the case proceeds to trial, it has not yet progressed to that stage.  *See Recca*, 859 F. App'x at 5.  "Thus, this factor does not weigh heavily in the analysis."  *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986) ("[T]he weight to be given any one factor will vary with the case."); *Rager v. Augustine*, 760 F. App'x 947, 949-50 (11th Cir. 2019) (per curiam) (discounting this factor where "the district court dismissed [the] claims at the summary judgment and dismissal stages, before any trial skills were necessary")).

As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges."  *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). On this record and having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

### III.  OBJECTION TO SUMMARY JUDGMENT

On May 15, 2026, Defendants filed a motion for summary judgment, Filing No. 28.  On June 9, 2026, the Court received Plaintiff's "Objection to Summary Judgment," which is dated June 2, 2026, and which the Court construes as a motion.  Filing No. 32. In his Objection, Plaintiff "formally objects to Defendants['] motion for summary

4

judgment" and disputes that he failed to follow proper procedure before filing this lawsuit. *Id*.

The Court's local rules prohibit the filing of an objection to a motion.  Rather a party must file a "brief that concisely states the reasons for opposing the motion and cites to supporting authority."  NECivR 7.1(b)(1)(A).  Accordingly, the Court will deny Plaintiff's Objection motion as it is an improper response to Defendants' summary judgment motion.  However, on the Court's own motion, Plaintiff shall have until **August 17, 2026**, to file and serve a brief in opposition to Defendants' summary judgment motion that complies with the Court's local rules.  *See* NECivR 7.1(b)(1); NECivR 56.1(b).  Defendants shall have 14 days after Plaintiff files and serves his brief in opposition to file a reply brief.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion for extension of the deadline for completing written discovery, Filing No. 22, is granted consistent with this Memorandum and Order.

2.      Plaintiff's motion for appointment of counsel, Filing No. 23, is denied without prejudice to reassertion.

3.      Plaintiff's "Objection to Summary Judgment," Filing No. 32, construed as a motion, is denied.  Plaintiff shall have until **August 17, 2026**, to file and serve a brief in opposition to Defendant's summary judgment motion.  If Plaintiff requires additional time to file his brief, then he must file a motion requesting an extension of time prior to the expiration of the deadline.

4.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **August 17, 2026**: deadline for Plaintiff's brief opposing summary judgment.

Dated this 16th day of July, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

6